EDWARD V. D. SKILLMAN v. BOARD OF POLICE COMMIS-
SIONERS OF THE CITY OF TRENTON.

Submitted December 6, 1899—Decided February 26, 1900.

Under the act of May 2d, 1885 (*Gen. Stat., p.* 1551), a board of police commissioners has power to investigate a complaint duly presented, which accuses a policeman of misconduct in the discharge of his official duties, even though the misconduct may involve an indictable offence; and if the board refuses to entertain such a complaint, on an erroneous opinion that it has no authority, a *mandamus* will be awarded.

On application for *mandamus.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the *mandamus, John M. Dickinson* and *Edwin Robert Walker.*

*Contra, George W. Macpherson* and *John H. Backes.*

The opinion of the court was delivered by

DIXON, J.   In February, 1899, the relator, a resident of Trenton, presented to the board of police commissioners of that city a complaint charging that one of the policemen of the city had illegally arrested him and made false accusations against him before the police magistrate, and thereupon he prayed that the policeman might be disciplined.   The complaint complied in all respects with the requirements of the pertinent statute approved March 25th, 1885 (*Gen. Stat., p.* 1534), and of the rules of the police department, but the board refused to entertain it, on the ground that it involved a criminal offence, and therefore "as a matter of right to the policeman" the offence must first be passed on by the grand jury, before the board had authority to consider the charge.

The relator now asks for a *mandamus* commanding the board to hear, try and determine the complaint.

Under the Fire and Police act of May 2d, 1885 (*Gen. Stat., p.* 1551), the board is "entrusted with the government, control and management of the police department," and has "full power and right to suspend ·and to expel or discharge any person employed or appointed in or under the department * * * provided good cause shall be shown for such suspension, expulsion or discharge after an investigation by such board."   The trust thus confided, the power thus delegated, carries with it a corresponding duty to exercise the power in all proper cases.

The complaint of the relator appears to us to have stated a proper case.   It charged an abuse by the policeman of the

official power which he possessed for the protection of persons and the upholding of law. It charged a course of conduct which, if generally pursued by police officers, would defeat the end for which their department of government is organized. If proved, good cause would be shown for the suspension or expulsion of the delinquent, within the meaning of the statute. That his conduct might likewise involve an indictable misdemeanor, formed no reason for refusing to discipline him as a policeman. The object of such discipline is to secure fit men for the performance of police duty, and surely a thief is none the less unfit to protect citizens against theft because he has not yet been convicted of larceny.

Clearly the board had power to investigate the charge, and as they declined to exercise their jurisdiction on an erroneous opinion that they were without authority, a *mandamus* should be awarded.    *King* v. *Justices of Kent,* 14 *East* 395 ; *Regina* v. *Leicester,* 15 *Q. B.* 671 ; *Regina* v. *Mayor of Monmouth,* *L. R.,* 5 *Q. B.* 251 ; *Stryker* v. *Skillman,* 2 *Gr.* 189.

Let a peremptory writ issue, pursuant to the rule.